EPHRAIM BUTTRICK *vs.* ASA HOLDEN & another.

H. made a written agreement with B. to convey certain real estate to B. within twenty days, and, before the expiration of twenty days, conveyed the estate to A.: B. brought a bill in equity against H. and A. for a specific performance of H.'s agreement, and alleged in the bill, that H. and A. unlawfully combined to defraud him, and that H. fraudulently conveyed the estate to A., without consideration and that A., before H.'s conveyance to him, had been informed, or had reason to believe, that H. had before contracted to convey the estate to B.: A., in his answer, denied that the estate was conveyed to him without consideration, or that there was any unlawful combination between him and H.; but he admitted that, before H. conveyed the estate to him, he had been informed, and that he believed. that H. had made some bargain with B. respecting said estate; but that he had been informed that the bargain had ceased to be binding, and that H., when he conveyed the ⸺ te to ⸺m, informed him that he (H.) had good right to sell the

same to him, and that he had no reason to believe, and did not believe or suspect, that H. was under any obligation, at the time when he conveyed the estate to him (A) to convey it to B. *Held*, that this answer put B. to the proof of the facts alleged in the bill; and that upon the answer, it did not appear that A. had such notice of H.'s agreement with B., as would entitle B. to a decree against A. for a conveyance of the estate to B.

WILDE, J.   This is a bill to enforce specific performance of a written contract by which Asa Holden, one of the defendants, agreed with the plaintiff, to convey to him al. Holden's right and title to sundry parcels of real estate, with a release, by his wife, of her right of dower, within twenty days from the date of the agreement, upon the plaintiff's paying him four hundred dollars, and the costs of a certain suit. The bill alleges that, within the twenty days, the said Holden fraudulently conveyed all his right and title to said parcels of land to Liberty Bigelow, the other defendant, who holds the same in trust for the said Holden, he not having paid to the said Holden, nor become bound to pay him any consideration for the conveyance ; and that, before the said conveyance to the said Bigelow, the said Bigelow had been informed, or had reason to believe, that the said Holden had before contracted to convey the same parcels of land to the plaintiff.

The case has been heard on the bill and answers, and the principal question to be decided is, whether the defendant Bigelow, at the time of his purchase from Holden, the other defendant, knew, or had been informed, or had reason to believe, that the said Holden had contracted to convey the premises to the plaintiff, as alleged in the bill.   If so, then he should be decreed to convey to the plaintiff, in the same manner as Holden.   *Champion* v. *Brown*, 6 Johns. Ch. 402.

In his answer, the defendant Bigelow admits that he had been informed, and believes it to be true, that the said Holden had made some bargain with the plaintiff respecting the premises ; but that he had been informed that the contract had ceased to be binding, and that Holden, at the time of his bargaining with him for the premises, informed him (the said Bigelow) that he had good right to sell the same to him, and hat he, the said Bigelow, had no reason to believe, and did

not believe or suspect, that the said Holden was under any obligation, at the time of the conveyance to him, the said Bigelow, to convey the premises to the plaintiff. He denies, also, that the premises were conveyed to him without consideration, or in trust for said Holden; and also denies all unlawful combination with the said Holden, as charged in the bill.

It has been argued for the plaintiff, that general allegations, in an answer containing matters of belief, and conclusions from facts not particularly stated, are entitled to little or no weight; and that the rule, requiring two witnesses to contradict such allegations, does not apply. It is so said in 2 Daniell Ch. Pract. 984, *note.* But it is added, that the only effect of such an answer is, to put the plaintiff to the proof of the facts alleged. This effect, we think, is sufficient, in the present case, upon a hearing on the bill and answer. The court, in such a case, will believe what the defendant believes; nothing being proved to the contrary. It is for the plaintiff to prove the allegations in the bill, which are denied by the answer.

It has been argued, that the defendant Bigelow, having heard that Holden had contracted to convey the premises to the plaintiff, was bound to make inquiry, although he was at the same time informed that the contract had ceased to be binding. But this would be a hard rule, if the defendant Bigelow believed, as he says he did, the whole information he received. And why was he bound to believe one part of the information, and to suspect the other part? Vague reports, and rumors from strangers, as Story, J. remarked, in *Flagg* v. *Mann*, 2 Sumner, 551, are not a sufficient foundation on which to charge a purchaser with notice of a title in a third person. And in *Hine* v. *Dodd*, 2 Atk. 275, where the question was, whether the defendant's claim under a registered mortgage should be postponed to the plaintiff's claim under a prior judgment, upon the ground that the defendant had notice of the judgment before the mortgage was executed, Lord Hardwicke remarked, that " apparent fraud, or clear and undoubted notice, would be a proper ground of relief; but

suspicion of notice, though a strong suspicion, is not sufficient to justify the court in breaking in upon an act of parliament," " or " (as Judge Story remarks, in citing this case) " upon the legal rights of a purchaser." See also *Wildgoose* v. *Wayland,* Gouldsb. 147. Sugden on Vendors, *c.* 23, §§. 2, 3. These principles seem to us to be well founded, and are decisive of the present case.

The defendant Bigelow is charged with a fraud, and a gross fraud, by combining with Holden, the other defendant, to deprive the plaintiff of the benefit of a lawful contract. Of this there is no proof, and the whole charge is denied by both the defendants. Bigelow, therefore, must be considered a *bona fide* purchaser ; and it is unnecessary to consider the question, whether Holden would be liable, if he had not conveyed the premises. If Holden has broken his contract, the plaintiff's remedy is against him for damages. A decree against Holden for specific performance would be useless ; for if he performed the decree, the plaintiff would obtain no benefit. Bigelow would still hold the estate.

*Bill dismissed.*

*Buttrick, pro se.*
*Bancroft,* for Bigelow.
*E. R. Hoar,* for Holden.